UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

           -against-

JASON GREEN,

                      Defendant.

**MEMORANDUM & ORDER**

**15-CR-00498-002 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Defendant Jason Green's fully briefed Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1). (Green's Mot. (Dkt. 178); Green's Reply (Dkt. 183).) The Government and the Probation Department ("Probation") oppose the motion. (Govt's Opp. (Dkt. 179) at 1; Prob.'s Sealed Resp. ("Prob.'s Opp.") (Dkt. 181) at 2; Prob.'s Sealed Report on Offender Under Supervision ("Prob.'s Suppl. Opp.") (Dkt. 185) at 3.)

For the reasons explained below, the court DENIES Green's motion.

## I.   BACKGROUND[1]

Between 2008 and 2013, Green participated in a criminal conspiracy exploiting the 2008 housing crisis by targeting homeowners who were struggling with their mortgage payments and at risk of foreclosure. (Govt's Opp. at 1; J. (Dkt. 72) at 1.) As part of this years-long scheme, Green and his co-conspirators fraudulently convinced thousands of distressed homeowners to pay them millions of dollars for federal loan relief that did not exist. (Govt's Opp. at 1.) On July 18, 2016, Green pleaded guilty

---

[1] The court assumes familiarity with the general background of this case and restates the relevant factual background only as necessary to address Green's pending motion for early termination of supervised release.

to one count of conspiracy to commit mail, wire, and bank fraud. (*Id.*) On April 19, 2017, the court sentenced him to time served (six days) and to five years' supervised release subject to various conditions. (*Id.*; *see also* J. at 3-6 (enumerating conditions).) The court also ordered Green to pay restitution in the amount of $1,526,587.12. (Govt's Opp. at 1; *see also* Restitution Order (Dkt. 72-1) at 1.)

Despite the extraordinary chance that this court gave to Green at sentencing, Green repeatedly violated the conditions of his release. (*See* Sealed Violation of Supervised Release ("VOSR") Report Dated 7/9/2021 ("VOSR I") (Dkt. 113); Sealed VOSR Report Dated 3/4/2024 ("VOSR II") (Dkt. 139); *see also* Sealed Report on Person Under Supervision Dated 2/10/2023 (Dkt. 136); Sealed Report on Offender Under Supervision & Req. for Revocation Dated 6/23/2021 (Dkt. 113-8).) As a result, he has had two significant VOSR proceedings.

Probation submitted the first VOSR Report on July 9, 2021. (VOSR I.) On September 24, 2021, Green pleaded guilty to the charges. (Govt's Opp. at 1-2; *see also* Tr. of Sent'g on VOSR Dated 9/24/2021 (Dkt. 130) at 10:13-12:05.) The court revoked Green's first term of supervised release and sentenced him to 14 months' imprisonment, to be followed by a term of 3 years and 10 months of supervised release subject to certain conditions. (Govt's Opp. at 2; *see also* VOSR Order Dated 10/20/2021 (Dkt. 128) at 2-6.) That second term of supervision began in November 2022. (Green's Ltr. Dated 1/13/2025 (Dkt. 158) at 1.)

Probation filed the second VOSR report on March 4, 2024. (VOSR II.) The report contained four new VOSR charges against Green. (*Id.* at 10-12.) On June 11, 2025, Green pleaded guilty to failing to comply with the Restitution Order. (Min. Entry Dated 6/11/2025.) On September 24, 2025, the court sentenced Green to time served and to his third term of supervised release,

which he is currently serving.[2] (VOSR Order Dated 11/20/2025 (Dkt. 173); Prob.'s Suppl. Opp. at 3 (describing the current term of supervision as Green's "third term of supervised release," and observing that "Green has been serving this term of supervised release since September 24, 2025"); *see also* Green's Reply at 1 (recognizing that the court imposed a "12-month term of supervised release . . . in September 2025"); Prob.'s Opp. at 1 (same).)

## II.  GREEN'S MOTION

Green filed the pending motion for early termination of supervised release on March 12, 2026. Therein, he stated that the Government and Probation oppose his request and do so "because of his past issues on supervision." (Green's Mot. at 2.) Consequently, the court ordered the Government and Probation to advise the court of their respective positions and to explain the basis of any objection to Green's motion by March 23, 2026. (Text Order Dated 3/20/2026.)

The Government complied with the court's order. (Govt's Opp.) Probation did not. Thus, on April 1, 2026, the court ordered Probation to file a "full Report on Person Under Supervision, including a recommendation on Green's request for early termination . . . no later than April 15, 2026." (Text Order Dated 4/1/2026.) Instead, on April 6, 2026, Probation filed a 1.5-page response to Green's motion. (Prob.'s Opp.) As a result, on April 7, 2026, the court entered an order for supplemental briefing, including on the threshold inquiry of whether "the 'expiration of one year of supervised release' is satisfied in this case." (Order Directing Suppl. Br'g (Dkt. 182) at 2 (quoting 18 U.S.C.

---

[2] In imposing the current term of supervision, the court added several special conditions—including a condition that permits Green to travel domestically and abroad, subject to certain prior notice requirements, and a condition that requires Probation to file regular status reports regarding Green's restitution payments. (VOSR Order Dated 11/20/2025 at 5.)

§ 3583(e)(1)).) Specifically, the court directed "[Green] and Probation to advise the court of which term of supervised release is relevant to the court's consideration of [Green]'s motion, including the basis for its position." (*Id.*) The court also stayed consideration of Green's motion until submission of the requested briefs. (*Id.* at 3.)

Green submitted his supplemental brief on April 13, 2026. (Green's Reply.) On April 14, 2026, with Probation's supplemental brief outstanding, the court prematurely denied Green's motion. (Order Dated 4/14/2026 (Dkt. 184).) The next day, the court stayed that decision and directed Probation to file its supplemental response. (Text Order Dated 4/15/2026.) Probation submitted the requested report on April 22, 2026. (Prob.'s Suppl. Opp.)

## III. DISCUSSION

The court denies Green's motion as premature because he has not served the requisite one-year period of supervision on the current term of supervised release.

"Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict confines." *United States v. Thomas*, 135 F.3d 873, 876 (2d Cir. 1998).[3] "[O]ther than the limited exceptions provided by statutes, the Sentencing Commission, and the Federal Rules of Criminal Procedure, courts are not free to modify sentences." *United States v. Martin*, 974 F.3d 124, 135 (2d Cir. 2020). This includes, of course, a court's early termination of supervised release. *See* 18 U.S.C. § 3583(e)(1).

---

[3] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

Early termination of supervised release is controlled by statute. *See Rivera-Perez v. Stover*, 171 F.4th 196, 208 (2d Cir. 2026) (observing that Section 3583(e)(1) "allows" a court to terminate a term of supervised release); *United States v. Lussier*, 104 F.3d 32, 35-36 (2d Cir. 1997) (recognizing that Section 3583(e)(1) "sets out" the criteria for when a court "may terminate the remainder of the defendant's supervision"). In pertinent part, the statute provides that a court "may . . . terminate a term of supervised release," but only: (1) "after the expiration of one year of supervised release"; and (2) "after considering [a subset of] the factors set forth in 18 U.S.C. § 3553(a)." 18 U.S.C. § 3583(e)(1); *see also Rivera-Perez*, 171 F.4th at 208 (same). The burden is on the defendant to show that "termination is warranted." *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010).

Here, Green fails to meet his burden to show that the requested termination is warranted because he fails to show that the requisite "one year of supervised release" has expired. 18 U.S.C. § 3583(e)(1). "Section 3583(e)(1) . . . authorizes a termination of supervised release *only if* the defendant has served more than one year of supervised release." *United States v. Varieur*, No. 24-CR-2967, 2025 WL 655582, at *2 (2d Cir. Feb. 28, 2025) (summary order) (emphasis added) (citing 18 U.S.C. § 3583(e)(1)); *see also Rivera-Perez*, 171 F.4th at 208 (observing that Section 3583(e)(1) "allows" a court to terminate a term of supervised release but "*only after* one year of time served on supervised release") (emphasis added). Although the parties did not initially appear to agree that this threshold requirement was satisfied, (*compare* Green's Mot. at 1 ("Green has been under supervision for almost nine years. His term of supervised release is set to terminate on September 6, 2026."), *with* Prob.'s Opp. at 1 ("Green commenced supervised release on September 24, 2025, with a scheduled termination date of September 6, 2026[,] . . . and he has served just seven months of this current term of supervised release.")), their supplemental briefing on this issue clarifies that

5

the parties do, in fact, agree that: (1) Green seeks early termination of his current (third) term of supervised release; (2) it is the expiration of time since *this* term of supervised release commenced on September 24, 2025 that controls in this case; and (3) Green has completed just eight of the term's twelve months of supervision, (Green's Reply at 1; Prob.'s Suppl. Opp. at 3).

Conceding that "[t]here is no dispute about the relevant facts," Green states that "[he] has completed seven months of the 12-month term of supervised release imposed by this [c]ourt in September 2025." (Green's Reply at 1.) Probation concurs. (Prob.'s Suppl. Opp. at 3.) Thus, there is also "no dispute" that Green fails to meet Section 3583(e)(1)'s one-year supervision requirement. (Green's Reply at 1.) Therefore, his motion for early termination of supervised release must be denied. *See Varieur*, 2025 WL 655582, at *2; *see also United States v. Lucky*, No. 05-CR-0033 (NGG), 2014 WL 2993449, at *3 (E.D.N.Y. July 2, 2014) (concluding that it is "premature" to consider a motion for early termination of supervised release until at least one year of the defendant's supervised release has elapsed).

6

## IV. CONCLUSION

For the above reasons, the court DENIES Green's motion for early termination of supervised release. All terms and conditions of Green's release remain in effect until the current term of supervision ends on September 6, 2026. The court respectfully DIRECTS the Clerk of Court to STRIKE the Order entered on April 15, 2026.

SO ORDERED.

Dated:     Brooklyn, New York
           May 29, 2026

                                        s/Nicholas G. Garaufis
                                        _____
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge